Kenneth W. Richardson, Esq.(8701)
Attorney for Plaintiff
305 Broadway, Suite 801
New York, New York 10007
(212) 962-4277
Fax: (212) 619-1358

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
JOHANS CABRERA

              Plaintiff,

       v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICERS
"CLAIRE LINDNER", "JOHN DOE 2", "JOHN DOE 3",
"JOHN DOE 4", "JOHN DOE 5", "JOHN DOE 6",
              Defendant(s).
-----------------------------------------------------------

Docket #: 16-2298(RRM)(RER)

**First Amended Complaint**
Jury Trial Demanded

      Plaintiff, JOHANS CABRERA, (hereinafter "Plaintiff"), by his undersigned counsel, Kenneth W. Richardson, Esq., for his Complaint allege, upon personal knowledge as to himself and his own acts and upon information and belief as to all other matters, as follows:

### NATURE OF ACTION

1.    This action is arises under 42 U.S.C. § 1981, 1983, 1985 and 1988 for violation of plaintiff's civil rights secured under those statutes as well as under the New York State **and** United States Constitution.

## JURISDICTION AND VENUE

2.	This court has jurisdiction over this action under 28 U.S.C. §1331 and 1343. This court also has mandatory pendant and ancillary jurisdiction over the state law claims under 28 U.S.C. 1367 because the state law claims arise out of the same nucleus of operative facts. Additionally, jurisdiction is had under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Unites States Constitution.

3.	A notice of claim was timely filed against the municipality of the City of New York with the Office of the Comptroller on or about July 28 2015.

4.	Over 30 days have passed and the City of New York has yet to offer any payment or settlement of the claim.

5.	As the unlawful acts and omissions complained of herein or a substantial part of the events occurred within the Eastern District of New York, venue is proper in this district pursuant to Title 28 U.S.C. Sec. 112(b) and 1391(b).

## THE PARTIES

### Plaintiff

6.	At all times relevant herein, Plaintiff was an adult Hispanic or Latina American male individual, resident of the County of Suffolk, City of Copiague, State of New York.

### Defendants

7.	Defendant, City of New York, was and is a municipal corporation duly organizes and existing under and by virtue of the laws of the State of New York.

8.	Defendant, City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times relevant herein and hereinafter mentioned, the individually named defendants, P.O.'s "John Doe" #One through Six, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times relevant herein and hereinafter mentioned, defendants, either personally or through their employees, were acting under color of law, statute, charters, ordinances, rules, regulations, customs, usages and/or practices of the State of New York and City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment as employees of defendant City of New York.

12 Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

**BRIEF SUMMARY**

13. Plaintiff makes claims for unlawful imprisonment, false arrest, police brutality, negligent training, and negligent supervision.

## SUBSTANTIVE FACTS

14 Plaintiff's problems started on or about June 6 when he was arrested by officers of

3

the New York City Police Department for assault upon his girlfriend.

15. Plaintiff was initially taken to the 115th Pct. on Northern Boulevard in Jackson Heights, New York

16. Plaintiff's belongings were impounded at the 115th Pct. before plaintiff was taken to Central Booking, where he was processed for the alleged assault upon his girlfriend.

17. When plaintiff's case was called, the Court issued an Order of Protection, which order prohibited plaintiff from contacting or being near to his girlfriend.

18. However, during the course of the proceedings, plaintiff's girlfriend, who was in the court room during the entire proceedings, spoke to Mr. Cabrera's attorney and revealed that the alleged assault against her did not happen.

19. The court then decided to have a second call for the case People v. Cabrera.

20. At second call, the Order of Protection was modified and such modification did not prohibit plaintiff from contacting or being near his girlfriend.

21. Plaintiff and his girlfriend then left the courtroom and the court house together and, unencumbered, proceeded to the 115th Pct. to retrieve plaintiff's belongings which had been impounded.

22. Once at the precinct with his girlfriend, one of the officers, an Officer Lindner, or similar name, who apparently remembered plaintiff upon his arrest the night before, belittled plaintiff for being "stupid" enough to dare appear at the precinct with his girlfriend when there was an order of protection against him.

23. The officers completely ignored the Order of Protection that was in effect and that allowed Mr. Cabrera to be with his girlfriend. They did this despite Mr. Cabrera's and his girlfriend's repeated protest and attempts to explain that the Order of Protection

4

in effect allowed for them to be in contact with each other. The officer's reliance on an Order of Protection that was no longer in effect with knowledge that it was not in effect resulted in the false arrest and false/unlawful imprisonment of Mr. Cabrera.

24. Upon information and belief, Officer Lindner alerted his colleagues of what Mr. Cabrera had done in daring to appear at the precinct with his girlfriend despite the order of protection.

25. The other officers then had a laugh at plaintiff's expense.

26. Plaintiff showed the Order of Protection, both the original and the new one.

27. The officer took the papers, looked at them, and continued to belittle plaintiff on his appearing with his girlfriend in violation of the order of protection.

28. Despite plaintiff's attempts to explain that the Order of Protection that was in effect did not prohibit plaintiff from being with his girlfriend, the officers continued to smirk at and belittle him and again placed him under arrest.

29. None of the officers bothered to check with the court or with any other source of information to attempt to determine if plaintiff was stating the truth or not. In any case, plaintiff had provided them with the document showing that he was not restricted from being with his girlfriend.

30. Plaintiff was again placed in handcuffs when he was taken too central booking.

31. Plaintiff complained to the officers that the handcuffs were extremely tight and painful but the officers ignored his pleas.

32. As a result of being handcuffed so tightly, plaintiff suffered and continues to suffer from injury to his wrist and arm.

33. As a direct and proximate result of the actions of the officers of the NYPD, Mr.

Cabrera suffered mental/emotional pain and anguish as well as physical injury.

### AS AND FOR A FIRST CLAIM

34. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 33 of this Complaint with the same force and effect as if set forth herein.

35. All the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

36. All of the aforementioned acts deprived plaintiff Johan Cabrera of the rights privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the

United States.

40. As a direct and proximate result of these actions plaintiff was caused to suffer, inter alia, loss of liberty, emotional distress, embarrassment, physical injury, humiliation and deprivation of his constitutional rights which he will continue to so suffer as and until this court grants relief.

## AS AND FOR A SECOND CLAIM

41. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 40 of this Complaint with the same force and effect as if set forth herein.

42. As a result of defendants' aforementioned conduct, Mr. Goode was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

43. As a direct and proximate result of these actions plaintiff was caused to suffer, inter alia, loss of liberty, emotional distress, embarrassment, physical injury, humiliation and deprivation of his constitutional rights which he will continue to so suffer as and until this court grants relief.

## AS AND FOR A THIRD CLAIM

44. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 43 of this Complaint with the same force and effect as if set forth

herein.

45. Defendant Officers by confining Plaintiff did deprive Plaintiff of his right to freedom of movement and personal liberty without just cause thereby falsely imprisoning Plaintiff.

46. Defendants by placing Plaintiff under arrest without any reason whatsoever for doing so did deprive Plaintiff of his right to freedom of movement and personal liberty without just cause thereby falsely imprisoning Plaintiff.

47. As a direct and proximate result of these actions plaintiff was caused to suffer, inter alia, loss of liberty, emotional distress, embarrassment, physical injury, humiliation and deprivation of his constitutional rights which he will continue to so suffer as and until this court grants relief.

## AS AND FOR A FOURTH CLAIM

48. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 47 of this Complaint with the same force and effect as if set forth herein.

49. Defendants did engage in unreasonable searches and seizures against Plaintiff by the act of seizing the person of plaintiff and then handcuffing Plaintiff to the point of causing him pain and did not release or mitigate the pain caused by the handcuffs despite Plaintiff's pleas that the handcuffs be loosened or that Plaintiff be "double" handcuffed.

50. As a direct and proximate result of these actions plaintiff was caused to suffer, inter alia, loss of liberty, emotional distress, embarrassment, physical injury,

humiliation and deprivation of his constitutional rights which he will continue to so suffer as and until this court grants relief.

## AS AND FOR A FIFTH CLAIM

51. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 50 of this Complaint with the same force and effect as if set forth herein.

52. Defendants did engage in all of the acts specified herein due to Plaintiff's race or nationality as a person of color and/or Latino.

53. Defendant's, by these actions did deny Plaintiff the equal protection of the laws.

54. As a direct and proximate result of these actions plaintiff was caused to suffer, inter alia, loss of liberty, emotional distress, embarrassment, physical injury, humiliation and deprivation of his constitutional rights which he will continue to so suffer as and until this court grants relief.

## AS AND FOR A SIXTH CLAIM

55. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 54 of this Complaint with the same force and effect as if set forth herein.

56. The above acts and practices of Defendants constitute extreme and outrageous conduct.

57. Defendant's acts thereby constitute the intentional infliction of emotional

9

distress.

58. As a direct and proximate result of these actions of defendants, Plaintiff was caused to suffer physical pain and agony as well as too suffer great mental and emotional distress, pain and anguish which he will continue to suffer as and until this court grants relief.

## AS AND FOR A SEVENTH CLAIM

59. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 57 of this Complaint with the same force and effect as if set forth herein.

60. Defendants arrested and incarcerated Plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

61. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

62. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

63. The aforementioned customs, policies, usages, practices, procedures and

rules of the City of New York and the New York City Police Department are the unconstitutional practices of:

 a) fabricating evidence against innocent persons;

 b) arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

 f) violating the free speech rights of persons;

 e) assaulting and battering persons for no reason and without provocation;

 d) committing all of the above disproportionately against persons of color and/or persons who are Latino.

64. The existence of the aforementioned unconstitutional customs and policies may be established from the high rate of repeated occurrences of similar wrongful conduct in the past against said persons and that continues to date.

65. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety and to the constitutional rights of Plaintiff

66. Defendants, collectively and individually, while acting under color of law, were directly and actively involved in violating the unconstitutional rights of Plaintiff.

67. Defendants, collectively and individually, while acting under color of law acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

68. Defendants, collectively and individually, while acting under color of law, were directly and actively involved in conspiring in the violation of the rights of Plaintiff.

69. All of the foregoing acts by defendants deprived Plaintiff of federally

protected constitutional rights, including, but not limited to, the right:

    A)    Not to be deprived of liberty without due process of law;

    B)    To be free from unreasonable searches and seizures;

    C)    To be free from unwarranted and malicious criminal prosecution;

    D)    **To be free from cruel and unusual punishment (excessive force);**

    E)    **To receive equal protection under the law;**

    F)    To be free to exercise free speech;

70. As a direct and **proximate result of these actions plaintiff was caused to suffer**, inter alia, loss of liberty, emotional distress, embarrassment, physical injury, humiliation and deprivation of his constitutional rights which he will continue to so suffer as and until this court grants relief.

## AS AND FOR A EIGTHT CLAIM

71. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 70 of this Complaint with the same force and effect as if set forth herein.

72. Defendants actions constitute negligent supervision and negligent training.

73. **As a direct and proximate result of these actions of defendants, Plaintiff was caused to suffer physical pain and agony as well as too suffer great mental and emotional distress, pain and anguish, which he will continue to suffer as and until this court grants relief.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that his Court enter judgment:

a) declaring that the acts and practices complained of herein are in violation of Sections 1981, 1983, 1985 and 1988 and related provisions of Title 42 of the United States Code and to also be in violation of the state and national Constitutions;

b) directing Defendants to take such affirmative action as necessary to ensure that these violations are eliminated from the practices of defendants;

c) directing Defendants to pay Plaintiff compensatory damages, and damages for his mental anguish, mental distress, humiliation and interest thereon, and all such other damages and remedies as may be available under all applicable law;

d) awarding Plaintiff the costs and disbursements of this action, together with attorneys' fees, including, without limitation, all such fees as are provided by applicable law;

e) awarding Plaintiff punitive damages against Defendants;

f) retaining jurisdiction over this matter to assure full compliance with any Order of this Court; and

g) granting such other and further relief as to this Court seems just and proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
September 8, 2016

*Kenneth W. Richardson*
Kenneth W. Richardson, Esq.
Attorney for Plaintiff

13